UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X

| | |
|---|---|
| KYLE SCOTT, | : |
| | : |
| Plaintiff, | : Case No.: _____ |
| | : |
| -against- | : COMPLAINT |
| | : |
| AGROFRESH SOLUTIONS, INC., ROBERT | : DEMAND FOR JURY TRIAL |
| CAMPBELL, DENISE L. DEVINE, NANCE | : |
| DICCIANI, JORDI FERRE, GREGORY | : |
| FREIWALD, TORSTEN KRAEF, GEORGE | : |
| LOBISSER, and MACAULEY WHITING JR., | : |
| | : |
| Defendants. | : |

--------------------------------------- X

Plaintiff, Kyle Scott ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge with respect to himself, and information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.       This is an action brought by Plaintiff against AgroFresh Solutions, Inc. ("AgroFresh" or the "Company") and Company's board of directors (collectively referred to as the "Board" or the "Individual Defendants" and, together with AgroFresh, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, and for breaching their fiduciary duty of disclosure under Delaware State law.

2.       On June 13, 2020, AgroFresh entered into an Investment Agreement (the "Investment Agreement") with PSP AGFS Holdings, L.P. (the "Investor"), an affiliate of Paine Schwartz Partners, LLC ("PSP").

3.       Pursuant to the terms of the Investment Agreement, among other things, the

Investor will purchase an aggregate of $150,000,000 of new preferred stock of the Company (the "Proposed Transaction").

4.      On July 6, 2020, defendants filed a proxy statement (the "Proxy") with the United States Securities and Exchange Commission ("SEC"), which recommends AgroFresh's stockholders vote to approve the issuance of shares pursuant to the Investment Agreement at a stockholder meeting scheduled for August 6, 2020.

5.      As set forth below, the Proxy omits material information with respect to the Proposed Transaction, which renders the Proxy misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Exchange Act and breached their duty of disclosure in connection with the Proxy.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

8.      The Court has supplemental jurisdiction over the state law claim for breach of the duty of candor/disclosure pursuant to 28 U.S.C. § 1367.

9.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over the Defendants by this Court permissible under traditional notions of fair play and substantial justice. "Where a federal statute such as Section 27 of the [Exchange] Act confers nationwide service of process, the question becomes whether the party has sufficient contacts with the United States, not any particular state." *Sec. Inv'r*

*Prot. Corp. v. Vigman* 764 F.2d 1309, 1305 (9th Cir. 1985). "[S]o long as a defendant has minimum contacts with the United States, Section of the Act confers personal jurisdiction over the defendant in any federal district court." *Id.* At 1316.

10.     Venue is proper in this District under Section 27 of the Exchange Act and 28 U.S.C. § 1391, because Defendants are found or are inhabitants or transact business in this District. Indeed, AgroFresh common stock trades on Nasdaq stock exchange, which is headquartered in this District rendering venue in this District appropriate. *See, e.g., United States v. Svoboda*, 347 F.3d 471, 484 n.13 (2d Cir. 2003) (collecting cases).

## PARTIES

11.     Plaintiff is, and at all relevant times has been, a shareholder of AgroFresh.

12.     Defendant AgroFresh is a Delaware corporation and provider of science-based solutions, data-driven technologies and experience-backed services to enhance the quality and extend the shelf life of fresh produce. AgroFresh's common stock is traded on the NASDAQ GS Market under the ticker symbol "AGFS."

13.     Individual Defendant Robert Campbell is a director of the Company.

14.     Individual Defendant Denise L. Devine is a director of the Company.

15.     Individual Defendant Nance Dicciani is Chairman of the Board of the Company.

16.     Individual Defendant Jordi Ferre is Chief Executive Officer and a director of the Company.

17.     Individual Defendant Gregory Freiwald is a director of the Company.

18.     Individual Defendant Torsten Kraef is a director of the Company.

19.     Individual Defendant George Lobisser is a director of the Company.

20.     Individual Defendant Macauley Whiting Jr. is a director of the Company.

21.     The Individual Defendants referred to in ¶¶ 13-20 are collectively referred to herein as the "Individual Defendants" and/or the "Board", and together with AgroFresh they are referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### I.     Background and the Proposed Transaction

22.     AgroFresh is a leading global innovator and provider of science-based solutions, data-driven technologies, and experience-backed services to enhance the quality and extend the shelf life of fresh produce. For more than twenty years, the Company has been revolutionizing the apple industry and has launched new innovative solutions in a variety of fresh produce categories, including bananas, cherries, citrus, and pears.

23.     Paine Schwartz Partners is a private equity firm focused exclusively on investment opportunities in the fast-growing, dynamic global food and agribusiness sectors. The firm's investment, operations and finance professionals invest throughout cycles across the food and agribusiness value chain, and bring a collaborative and active management approach to portfolio companies.

24.     On June 15, 2020, the Individual Defendants caused AgroFresh to enter into the Investment Agreement.

25.     Pursuant to the terms of the Investment Agreement, among other things, the Investor will purchase an aggregate of $150,000,000 of new preferred stock of the Company.

26.     According to the press release announcing the Proposed Transaction:

AgroFresh Solutions, Inc. ("AgroFresh" or the "Company") (Nasdaq: AGFS), a global leader in produce freshness solutions, today announced that it has entered into an agreement to sell $150 million of newly issued convertible preferred stock to an affiliate of Paine Schwartz Partners, LLC ("Paine Schwartz" or "PSP"), a leading private equity firm focused exclusively on sustainable food chain investing.
. . .

Terms of the Investment

On an as-converted basis, the preferred stock would initially represent approximately 36% of AgroFresh's pro-forma common shares outstanding. In connection with the investment, AgroFresh would expand the size of its Board of Directors to ten members, with PSP initially designating two members of the Board.

PSP's $150 million convertible preferred stock investment carries a 16% dividend, with a minimum 8% payable in cash. The preferred stock will be convertible into shares of AgroFresh common stock at a conversion price of $5.00 per share, reflecting a nearly 100% premium to the Company's 60-day volume-weighted average closing price. The PSP investment is subject to customary closing conditions, including the receipt of required regulatory approvals, and is contingent upon the successful refinancing of AgroFresh's senior secured credit facility. The Company currently anticipates closing the PSP investment and the refinancing of its senior secured credit facility early in the third quarter of 2020.

AgroFresh will file a Form 8-K with the Securities and Exchange Commission containing additional information regarding the terms of the convertible preferred stock.

BMO Capital Markets acted as sole financial advisor and Greenberg Traurig, LLP acted as legal advisor to AgroFresh. Evercore acted as sole financial advisor and Kirkland & Ellis LLP as legal advisor to Paine Schwartz.

## II.     The Proxy Omits Material Information

27.     Defendants filed the Proxy with the SEC in connection with the Proposed Transaction.

28.     As set forth below, the Proxy omits material information with respect to the Proposed Transaction, which renders the Proxy misleading.

29.     The Proxy fails to disclose a fair summary of the process and negotiations leading up to the execution of the Investment Agreement.

30.     The Proxy fails to disclose whether the Individual Defendants considered any alternatives to the Investment Agreement.

31.     The Proxy fails to disclose whether the Board retained or consulted with any

financial advisors in connection with the Investment Agreement.

32.     The Investment Agreement makes reference to of BMO Capital Markets ("BMO") as a potential broker, investment banker, or financial advisor, but the Proxy fails to disclose the terms or purpose of their engagement, including: (i) the amount of compensation BMO has received or will receive for its engagement; (ii) whether BMO has performed past services for any parties to the Investment Agreement or their affiliates; (iii) the timing and nature of such services; and (iv) the amount of compensation received by BMO for providing such services.

33.     The Proxy fails to disclose any financial projections or financial analyses that the Individual Defendants considered and relied upon in coming to their decision to approve the Investment Agreement.

34.     The above-referenced information is necessary for shareholders to fully and fairly understand whether they should approve the Investment Agreement. The omission of this material information renders the Proxy misleading.

35.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Against All Defendants for Violations of Section 14(a) of the Exchange Act

36.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37.     Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection

of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title."  15 U.S.C. § 78n(a)(1).

38.    Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

39.    The omission of information from a proxy will violate Section 14(a) if other SEC regulations specifically require disclosure of the omitted information.

40.    Defendants have issued the Proxy with the intention of soliciting the Company's common shareholders' support for the Proposed Transaction.  Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide critical information to shareholders.

41.    In so doing, Defendants made misleading statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy, but nonetheless failed to obtain and disclose such information to the Company's shareholders although they could have done so without extraordinary effort.

42.    The Individual Defendants knew or were negligent in not knowing that the Proxy

is materially misleading and omits material facts that are necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon most if not all of the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction. The Individual Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.  Indeed, the Individual Defendants were required to be particularly attentive to the procedures followed in preparing the Proxy and review it carefully before it was disseminated, to corroborate that there are no material misstatements or omissions.

43.     The Individual Defendants were, at the very least, negligent in preparing and reviewing the Proxy.  The preparation of a proxy statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  The Individual Defendants were negligent in choosing to omit material information from the Proxy or failing to notice the material omissions in the Proxy upon reviewing it, which they were required to do carefully as the Company's directors.

44.     AgroFresh is also deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Proxy.

45.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote on the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the special meeting of AgroFresh's shareholders.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47.     The Individual Defendants acted as controlling persons of AgroFresh within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of the Company, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Proxy contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in preparing this document.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a)

of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT III

### (Against the Individual Defendants for Breach of Their Fiduciary Duty of Candor/Disclosure)

53.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

54.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

55.     By virtue of their role as directors and/or officers of the Company, the Individual Defendants directly owed Plaintiff a fiduciary duty of candor/disclosure, which required them to disclose fully and fairly all material information within their control when they sought shareholder action, and to ensure that the Proxy did not omit any material information or contain any materially misleading statements.

56.     As alleged herein, the Individual Defendants breached their duty of candor/disclosure by approving and/or causing the materially deficient Proxy to be disseminated

to Plaintiff and the Company's other public stockholders.

57.     The misrepresentations and omissions in the Proxy are material, and Plaintiff will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the Shareholder Vote. Where a shareholder has been denied one of the most critical rights he or she possesses—the right to a fully informed vote—the harm suffered is an individual and irreparable harm.

58.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 22, 2020

**MONTEVERDE & ASSOCIATES PC**

  */s/ Juan E. Monteverde*

Juan E. Monteverde (JM-8169)
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
Email: jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff*